VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket Nos. 25-ENV-00030
25-ENV-00031
25-ENV-00032

| Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al. |
|---|

## ENTRY REGARDING MOTION

Title:        Motion for Interlocutory Appeal (Motion #6)

Filer:        Ronald A. Shems, Esq., Nicolas AE Low, Esq., Jon Mark Groveman, Esq., John Mason Christian Overstreet, Esq., co-counsel for Appellant

Filed Date:   December 18, 2025

Memorandum in Opposition to Appellants' Motion, filed by Merrill E. Bent, Esq., Suzanne R. Armor, Esq., co-counsel for Applicant, on December 24, 2025.

Appellants' Reply to GRH Opposition for Motions for Reconsideration and Interlocutory Appeal filed by Ronald A. Shems, Esq., et al., on January 7, 2026.

**The motion is DENIED.**

These coordinated matters involve appeals by Connecticut River Conservancy (CRC), Vermont Natural Resources Council (VNRC), Conservation Law Foundation (CLF), and American Whitewater (AW) (collectively, Appellants), from water quality certifications (WQCs) issued by the Vermont Agency of Natural Resources (ANR) to Applicant/Appellee, Great River Hydro, LLC (Applicant) for hydroelectric projects located on the Connecticut River in Bellows Falls, Vernon and Wilder, Vermont, respectively. ANR issued each of the relevant certifications with conditions on April 16, 2025. The WQCs were timely appealed on May 16, 2025.

Since the inception of this case in May 2025, significant motion practice has occurred. A more detailed chronology of this motion practice can be found in the Court's Entry Order on Appellants' motion to alter or amend the judgment, issued concurrently with this Entry Order. In re Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al., No. 25-ENV-00030, 25-ENV-00031, 25-ENV-00032, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Jan. 20, 2025) (McLean, J.). The Court recounts these events in summary here for the sake of completeness and intelligibility. Appellants filed their initial Statement of Questions on June 5, 2025. Applicant then moved to dismiss all of Appellants' Questions under either V.R.C.P. 12(b)(1) or 12(b)(6), which ANR supported with respect to dismissal

of Appellants' Questions 1 and 2.  The Court granted Applicants' motion with respect to Questions 1 and 2 after finding that Appellants lacked statutory standing relative to those issues because they did not properly raise them in comments to ANR during the initial permitting process and the Questions were inconsistent with this Court's de novo hearing standard.  At the same time, the Court denied Appellants' motion to vacate the WQCs and render judgment on Questions 1 and 2.  By separate motion, Appellants have asked this Court to reconsider its previous decisions. Alternatively, and in the motion presently before the Court, they have asked to certify questions identical to those the Court previously dismissed for interlocutory appeal under Vermont Rule of Appellate Procedure (V.R.A.P.) 5(b).

V.R.A.P. 5 governs appeals before final judgment.  It provides that on a motion by a party the trial court "must permit an appeal from an interlocutory order or ruling if the court finds that: (A) the order or ruling involves a controlling question of law about which there exists substantial ground for difference of opinion; and (B) an immediate appeal may materially advance the termination of the litigation."  V.R.A.P. 5(b)(1).

It is rarely appropriate to grant a request for an interlocutory appeal, as such appeals force our Supreme Court to decide "legal questions in a vacuum, without benefit of factual findings" and "impair [the Supreme] Court's basic functions of correctly interpreting the law and providing justice for all litigants."  In re Pyramid Co. of Burlington, 141 Vt. 294, 301 (1982).  Nonetheless, under V.R.A.P. 5(b), a party is entitled to receive permission to appeal an interlocutory order if this Court concludes that: (1) the order "involves a controlling question of law;" (2) the question of law is one in which "there is substantial ground for difference of opinion;" and (3) "an immediate appeal may materially advance the termination of the litigation."  The failure to satisfy any one of these three criteria renders an interlocutory appeal inappropriate. See Pyramid Co., 141 Vt. at 302.  In assessing whether certification of a question will materially advance the termination of litigation, the Vermont Supreme Court has said that "[t]rial time alone is an incorrect metric.  An interlocutory appeal is proper only if it may advance the *ultimate* termination of a case . . . A trial court must consider not only the time saved at trial, but also the time expended on appeal." Id. at 305 (citation omitted, emphasis in original).  "[T]he trial court has discretion in granting or denying interlocutory appeal."  State v. Haynes, 2019 VT 44, ¶ 33.

In this Court's Entry Order on Appellants' motion to alter and/or reconsider decisions, issued concurrently, we examined the issues—and infirmities—resulting from Appellants' request for the Court to reconsider the merits of a question that it dismissed entirely on procedural grounds.  Bellows

Falls Hydroelectric Project Water Quality Cert. Appeal, et al., Nos. 25-ENV-00030, 25-ENV-00031, 25-ENV-00032, slip op at 3–4 (Jan. 20, 2025) (McLean, J.). Appellants' motion for interlocutory appeal suffers from similar issues and infirmities. Specifically, because this Court dismissed Appellants' Questions 1 and 2 for lack of standing, it did not render a decision on the Questions that Appellants seek to have certified to the Vermont Supreme Court, which essentially request a ruling on the *merits* of dismissed Questions 1 and 2. As such, an interlocutory appeal is entirely inappropriate here. It would be impossible for the Supreme Court to determine whether the question at issue was a controlling question of law, or whether grounds for a difference of opinion on that question actually exist, without a decision from the trial court below and its attendant impact on proceedings. See Pyramid Co, 141 Vt. at 303 ("[T]he controlling character of a question can only be evaluated in the context of the underlying action . . . Even if [the Vermont Supreme Court] answered each of the certified questions in Appellant's favor, a complex trial involving numerous issues would still be necessary to resolve this case."). Thus, it appears axiomatic that the Court cannot certify a question that it did not answer.

Further, even if the Supreme Court were to answer Appellants' questions in their favor, the remaining 15 questions in Appellants' Second Revised Statement of Questions would still potentially require resolution.[1] For instance, Appellants' Question 3 asks (in summary) whether the Applicants have "provided sufficient information" relating to the impacts of climate change over the life of the permits to demonstrate their operations "will comply" with various provisions of the Vermont Water Quality Standards and state law. Appellants' Second Revised Statement of Questions (filed on December 18, 2025). Assuming the Supreme Court agreed that there was a difference between the two standards ("will comply" and "reasonable assurance") and that the asserted "will comply" standard mandated that the Court evaluate the evidence through a particular regulatory "lens," this Court would still need to conduct a de novo trial, receive evidence of Applicant's specific proposal (and any countervailing evidence by Appellants), and assess the various statutory and regulatory provisions in making a determination of compliance (or noncompliance) under the applicable standard(s). The same is true for most of Appellants' other questions. Thus, large swaths of this matter would remain for adjudication.

As noted in the Court's Order in response to Appellants' motion to amend schedule, nearly 8 months have passed in this case since the notices of appeal were filed, and the parties have conducted

---

[1] The Court is separately evaluating Applicant's Motion to Dismiss Appellant's Second Revised Statement of Questions.

only limited discovery. <u>Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al.</u>, No. 25-ENV-00030, 25-ENV-00031, 25-ENV-00032, slip op. at 2, n.1 (Jan.20, 2025) (McLean, J.). This interlocutory appeal would add significant time to this case via an appeal to the Supreme Court, in addition to any time this Court would need to resolve Appellants' remaining questions following remand. Such a process would clearly constitute the type of "piecemeal appeal" the Supreme Court has repeatedly found improper for interlocutory appeal. See <u>Pyramid Co. of Burlington</u>, 141 Vt. at 305 ("The trial court should have foreseen that certification of this appeal guaranteed piecemeal appeals and the attendant delay of this litigation."); <u>State v. Exxon Mobil Corp., et al.</u>, No. 21-CV-02778, slip op. at 6 (Vt. Super. Ct. Civ. Div. March 26, 2025) (Shafritz, J.) ("While in some cases, an interlocutory appeal that cannot result in a termination of the entire action might fit within Rule 5(b)(1), the third prong is more properly found to be satisfied when deciding an issue on appeal could end the entire case.") (citations omitted). As such, this Court does not find that an answer to Appellants' questions would materially advance the termination of this litigation. Given that an interlocutory appeal requires satisfaction of all three prongs of the test, Appellants' motion for interlocutory appeal must fail.[2] For the above reasons, the motion for interlocutory appeal is **DENIED**.

Electronically signed on January 16, 2025 pursuant to V.R.E.F. 9(d).

Joseph S. McLean
Superior Court Judge
Environmental Division

---

[2] For the same reason, the Court makes no decision on whether Appellants' motion satisfies the other two parts of the test for interlocutory appeal. <u>Pyramid Co.</u>, at 302.